# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD ALLAN BELCH,<br>     Petitioner,<br><br> vs.<br><br>JOSEPH F. MAZURKIEWICZ,<br>Superintendent, SCI-Greensburg; and THE<br>ATTORNEY GENERAL OF THE STATE<br>OF PENNSYLVANIA,<br>     Respondents. | )<br>)<br>)<br>) Civil Action No. 11-1189<br>) Judge Arthur J. Schwab/<br>) Magistrate Judge Maureen P. Kelly<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By A Person In State Custody (the "Petition") be denied.

### II. REPORT

Edward Allan Belch ("Petitioner") has filed this Petition, seeking to attack state court convictions for third degree murder involving the killing of his former girlfriend and her male companion. The former girlfriend had a Protection From Abuse Order against Petitioner. Petitioner, while driving in his truck, chased the two victims who were on a motorcycle and ultimately hit the motorcycle, killing the two victims. Petitioner was sentenced to two terms of 20 to 40 years for each murder and those sentences were made to run consecutively, for a total aggregate sentence of 40 to 80 years. Petitioner now claims here that the sentences were excessive and that his Post Conviction Relief Act ("PCRA") counsel in his first PCRA proceedings was ineffective. Petitioner also attempts to raise claims of erroneous jury instructions that he raised in a second PCRA petition. However, the state courts ruled the

second PCRA petition was untimely filed. As to Petitioner's excessive sentence claim, it is simply not a cognizable claim in federal habeas proceedings so long as the sentences did not exceed the statutory maximums for the crimes, and, the sentences imposed on Petitioner did not do so. Petitioner's claims of the ineffectiveness of PCRA counsel fail to raise a cognizable claim for relief in federal court. Lastly, any claims raised in the second PCRA petition, including the alleged wrongful jury instructions, are procedurally defaulted because the state courts held that second PCRA petition to be time barred. Accordingly, the Petition should be denied.

### A. RELEVANT PROCEDURAL HISTORY

A jury in the Court of Common Pleas of Fayette County found Petitioner guilty of third degree murder in the death of the two victims. The Court of Common Pleas of Fayette County sentenced Petitioner in the high end of the standard guidelines range to 20 to 40 years for each count of third degree murder and ordered that the sentences run consecutively. Petitioner appealed to the Pennsylvania Superior Court and the sole issue raised in that appeal was that the trial court abused its discretion in imposing sentences that were excessive. See ECF No. 15-56 at 2 - 3; ECF No. 15-29 (Pa.R.A.P. 1925(b) Statement of Issues Raised on Appeal); ECF No. 15-13 at 2 - 3 (Trial Court opinion quoting issues raised). The Superior Court affirmed on June 12, 2008. ECF No. 15-39. The Pennsylvania Supreme Court denied the Petition for Allowance of Appeal, ECF No. 15-54, on October 29, 2008.[1]

---

[1] The Court takes judicial notice of the dockets of the Pennsylvania Supreme Court at
http://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.ashx?docketNumber=337+WAL
(. . . footnote continued)

This issue of the trial court's alleged abuse of discretion in imposing the sentences, which Petitioner raised in the direct appeal to the Superior Court, is the identical issue that Petitioner raises as Ground One for relief in his habeas Petition filed herein. <u>Compare</u> ECF No. 15-31 at 3 (Superior Court's slip opinion quoting Petitioner's issues raised on appeal) <u>with</u> ECF No. 1 at 5; ECF No. 1-1 at 1.

According to the dockets of the Court of Common Pleas of Fayette County,[2] Petitioner filed his first PCRA petition pro se on or about December 30, 2008, ECF No. 15-41. Dianne Zerega, was ultimately appointed as counsel. Attorney Zerega filed a Motion to Withdraw and a <u>Turner/Finley</u> no-merit letter. ECF No. 15-43. The PCRA Court issued a Notice of Intent to Dismiss and the Petitioner filed a response. ECF No. 44. On June 5, 2009, the PCRA Court dismissed the first PCRA Petition. Petitioner filed pro se a notice of appeal to the Superior Court as well as a pro se appellate brief. The only issues raised in this appeal to the Superior Court were issues that Petitioner was denied his state law rule-based right to effective assistance of PCRA counsel. ECF No. 15-31 at 3. The Superior Court affirmed the denial of PCRA relief

---

+2008
(site last visited 6/18/2014).

[2] The dockets are available at:
 http://ujsportal.pacourts.us/docketsheets/CPReport.ashx?docketNumber=CP-26-CR-0001034-2005
(site last visited 6/20/2014)

on May 10, 2010. The Pennsylvania Supreme Court denied the Petition for Allowance of Appeal on March 1, 2011.[3]

According to the dockets of the Court of Common Pleas of Fayette County, Petitioner filed a second PCRA petition on or about July 26, 2011. On August 24, 2011, the PCRA Court issued a Notice of Intent to Dismiss the second PCRA petition pursuant to Pa.R.Civ.P. No. 907. ECF No. 15-34. Petitioner filed a response to the Notice of Intent to Dismiss on September 2, 2011. ECF No. 15-35. According to the dockets of the Court of Common Pleas of Fayette County, on September 7, 2011, the PCRA Court dismissed the second PCRA petition as being time barred. Petitioner appealed to the Superior Court. The PCRA Court issued its statement in lieu of an opinion on January 5, 2012. ECF No. 15-36. The Superior Court dismissed Petitioner's appeal on March 8, 2012, for his failure to file a brief.[4] ECF No. 15-55.

Meanwhile, on September 16, 2011, while the second PCRA petition was still pending in the state courts, Petitioner filed the present Petition in this Court. After being granted three extensions of time, sought, in part, because the Petitioner's trial record was with the Superior Court due to his appeal of the second PCRA petition pending there, the Respondents filed their

---

[3] The Court takes judicial notice of the dockets of the Pennsylvania Supreme Court at:
http://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.ashx?docketNumber=458+WAL+2010
(site last visited 6/20/2014).

[4] The Court takes judicial notice of the dockets of the Superior Court available at:
http://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.ashx?docketNumber=1594+WDA+2011
(site last visited 6/20/2014).

Answer on April 30, 2012. ECF No. 15. On July 12, 2012, Petitioner filed a third PCRA petition in state court. On July 24, 2012, Petitioner filed in this Court a Motion to Withdraw the habeas Petition. ECF No. 19. This Court denied the Motion to Withdraw and *sua sponte* ordered that this case be stayed, pending Petitioner's complete exhaustion of his state court remedies. ECF No. 21 at 3.

After Petitioner filed his third PCRA petition, the PCRA Court issued, on August 6, 2012, its Notice of Intent to Dismiss the third PCRA petition pursuant to Pa.R.Civ.P. 907. Petitioner filed his objections to the Notice of Intent to Dismiss on or about August 31, 2012. The PCRA Court issued its opinion and dismissed the third PCRA petition as being time barred. Petitioner appealed to the Pennsylvania Superior Court. On October 18, 2012, the PCRA Court issued its Statement in Lieu of an Opinion. On August 26, 2013, the Superior Court affirmed the dismissal of the third PCRA petition.[5]

After the Superior Court affirmed the dismissal of the third PCRA Petition, this Court, on November 20, 2013, sua sponte lifted the stay in this case and ordered Petitioner to file an amended habeas petition to include all issues he wished to raise in one petition. ECF No. 30. In response, on December 16, 2013, Petitioner filed a "'Writ of Habeas Corpus' and 'New Unbiased Trial'" (The "Amended Petition"). ECF No. 32. Petitioner did not use the standard

---

[5] The Court takes judicial notice of the dockets of the Pennsylvania Superior Court:

http://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.ashx?docketNumber=1584+WDA+2012

(site last visited 6/20/2014).

Petition Form AO241. Respondents filed their Answer on Behalf of the Commonwealth in Support of the Dismissal of the Petition for Writ of Habeas Corpus Filed Pursuant to 28 U.S.C. § 2254 on December 30, 2013. ECF No. 33. Although the Court ordered Petitioner to file an amended habeas petition to raise all of his claims in one petition, the Amended Petition lacks substantial clarity so as to permit this Court to discern and consider the grounds on which Petitioner claims that he is being held in violation of the Constitution, laws or treaties of the United States. Accordingly, this Court will construe the operative Petition in this case to consist of both the original Petition and the Amended Petition.

B. DISCUSSION

### 1. The Sentencing Claims Are Not Cognizable.

Petitioner's first Ground for Relief is that the Sentencing Court abused its discretion in sentencing Petitioner in the high end of the standard Pennsylvania sentencing guidelines, in addition to sentencing him to consecutive sentences for the two homicide convictions. ECF No. 1 at 5; ECF No. 1-1; ECF No. 32 at 7, ¶ 4. Respondents argue that such sentencing claims are not cognizable. We agree.

We note that Petitioner does not allege that the sentences are illegal because they are beyond the statutory maximum,[6] instead he asserts that the sentences are too harsh and the state

---

[6] In fact, a sentence of up to 40 years for one count of murder in the third degree is not beyond the statutory maximum sentence in Pennsylvania. Com. v. Dunphy, 20 A.3d 1215, 1221 n.8 (Pa. Super. 2011) ("Third degree murder carries a maximum sentence of 20 to 40 years. See 18 Pa.C.S.A. 1102(d) ('Notwithstanding section 1103, a person who has been convicted of murder of the third degree ... shall be sentenced to a term which shall be fixed by the court at not more than 40 years')").

sentencing judge did not consider or properly consider all of the factors that he ought to have considered in imposing the sentence under Pennsylvania law. Such a claim however, even, if couched in the language of substantive due process as being fundamentally unfair, does not raise a claim that is cognizable in federal habeas proceedings.

The general rule in federal habeas proceedings is that "a federal court will not reevaluate a sentence in a habeas corpus proceeding unless it exceeds the statutory limits." Milton v. Graterford, Civ.A. No. 1:09–CV–1477, 2010 WL 5060199, at *1 (M.D.Pa. Dec. 6, 2010) (*citing* Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 42–43 (3d Cir. 1984)); see Coleman v. Folino, Civ.A. No. 09-1225, 2010 WL 2683151, at *9 (W.D.Pa. June 1, 2010) (finding that "[g]enerally, sentencing is a matter of state criminal procedure and does not fall within the purview of federal habeas corpus" and "a federal court will not normally review a state sentencing determination that falls within the statutory limit"), *adopted by*, 2010 WL 2653351 (W.D. July 2, 2010); DeSavage v. Lawler, Civ.A. No. 08-92, 2010 WL 411754, at *10 (W.D.Pa. Jan. 28, 2010) (same).

Petitioner has not alleged that the sentence he received was beyond the statutory maximum. Nor has he alleged anything that would take his case outside of the general rule that state prisoner attacks on the discretionary aspects of sentencing are simply not cognizable because they present no federal law question. Coleman, 2010 WL 2683151, at *10 (finding that claim challenging sentencing court's imposition of consecutive sentences did not raise any constitutional question); Foust v. Brooks, Civ.A. No. 04-176E, 2006 WL 2077020, at *9 (W.D.Pa. July 24, 2006) (petitioner's habeas claim challenging trial court's decision to impose

7

consecutive sentences "lack[ed] constitutional dimension and [did] not warrant federal habeas relief"); Corbett v. Grace, No. Civ.A. 05-86, 2006 WL 897788, *3 (W.D.Pa. April 5, 2006) (petitioner's habeas claim challenging imposition of consecutive sentences instead of concurrent "does not raise any constitutional question").

Petitioner's conclusory allegation that the sentence is excessive and, as such, fundamentally unfair, echoing a substantive due process claim, does not take this case outside of the general rule. See, e.g., Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 43 (3d Cir. 1984)(in the context of a challenge to a disparate sentence, the court stated "Nor is there support for Jones' assertion that the fourteenth amendment confers a due process right to the correct determination of issues of state law."); Yarbrough v. Klopotoski, No. 09-0336, 2009 WL 4810553, at *28 (E.D.Pa. Oct. 30, 2009) (rejecting a claim that the sentence was manifestly excessive, the court held: "This claim alleges only a violation of Pennsylvania law, and not a violation of the federal Constitution. See Mem. of Law. at ¶ 16. Thus, this claim is not cognizable in a federal habeas proceeding. *See Estelle*, 502 U.S. at 67-68 ('[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.')").

Accordingly, Petitioner's sentencing claims simply do not raise a cognizable basis for relief in a federal habeas proceeding.

## 2. The Ineffective Assistance of PCRA Counsel Claim is Not Cognizable.

Petitioner's second Ground for Relief is a claim that his counsel in the first PCRA proceedings was ineffective. ECF No. 1 at 7; ECF No. 1-3; ECF No. 32 at 8, ¶ 10 ("(Petitioner was "DENIED HIS RULE BASED RIGHT to the EFFECTIVE ASSISTANCE of COUNSEL'"). Petitioner's reference to the "rule based right to counsel" is a reference to Pa.R.Crim.P. 904.[7]

---

[7] Pa.R.Crim.P. 904 provided at the time of Petitioner's first PCRA Petition and provides now in relevant part as follows:
>
> (A) Counsel for defendant shall file a written entry of appearance with the clerk of courts promptly after being retained, and serve a copy on the attorney for the Commonwealth.
>> (1) If a firm name is entered, the name of an individual lawyer shall be designated as being responsible for the conduct of the case.
>> (2) The entry of appearance shall include the attorney's address, phone number, and attorney ID number.
>
> (B) When counsel is appointed, the filing of the appointment order shall enter the appearance of appointed counsel.
>
> (C) Except as provided in paragraph (H), when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief.
>
> (D) On a second or subsequent petition, when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, and an evidentiary hearing is required as provided in Rule 908, the judge shall appoint counsel to represent the defendant.
>
> (E) The judge shall appoint counsel to represent a defendant whenever the interests of justice require it.
>
> (F) When counsel is appointed,
>> (1) the judge shall enter an order indicating the name, address, and phone number of the appointed counsel, and the order shall be served on the defendant, the appointed counsel, the previous attorney of record, if any, and the attorney for the Commonwealth pursuant to Rule 114 (Orders and Court Notices: Filing; Service; and Docket Entries); and
>> (2) the appointment of counsel shall be effective throughout the post-conviction collateral proceedings, including any appeal from disposition of the petition for post-conviction collateral relief.

However, as expressly addressed in 28 U.S.C. § 2254(i), Petitioner's claim of ineffectiveness of PCRA counsel cannot serve as a ground for relief: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i).

Moreover, even if there were no statutory bar to granting relief for a claim of ineffective assistance of PCRA counsel, Petitioner is still precluded from making this claim because no federal right to counsel exists at the PCRA stage, and, therefore, a state prisoner cannot claim a violation of a federal right due to the ineffective assistance of counsel at that stage. A state prisoner may seek federal habeas corpus relief only if he is in custody in violation of the United States Constitution or federal law. 28 U.S.C. §2254(a). Smith v. Phillips, 455 U.S. 209 (1982); Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir. 1991). Violations of state law or procedural rules alone are not sufficient; a petitioner must allege a deprivation of federal rights before habeas relief may be granted. Engle v. Isaac, 456 U.S. 107 (1982); Wells v. Petsock, 941 F.2d 253 (3d Cir. 1991). Because Petitioner did not possess a federal right to counsel during his state post-conviction proceeding, Pennsylvania v. Finley, 481 U.S. 551, 555 (1987), he cannot receive habeas relief on a claim that PCRA counsel was ineffective. 28 U.S.C. § 2254(a) (stating, in relevant part, that habeas relief is available only on the grounds that state prisoner is in custody in violation of his constitutional rights). See also Coleman v. Thompson, 501 U.S. 722, 752-53 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Murray v. Giarratano*, 492 U.S. 1 (1989) (applying the rule to capital cases). Consequently, a petitioner cannot claim constitutionally ineffective

assistance of counsel in such proceedings. *See Wainwright v. Torna*, 455 U.S. 586 (1982) (where there is no constitutional right to counsel there can be no deprivation of effective assistance)"). Accordingly, any claims of PCRA counsel's ineffectiveness are simply not cognizable grounds for relief in federal habeas proceedings and must be dismissed.[8]

Even if Petitioner possessed some federal right to counsel during the PCRA proceedings, and even if he could establish that such PCRA counsel was ineffective, Petitioner still would not be entitled to relief on that ground. The United States Court of Appeals for the Third Circuit has consistently held that errors occurring in the PCRA process simply provide no grounds for relief in federal habeas proceedings. "[H]abeas proceedings are not the appropriate forum for [the petitioner] to pursue claims of error at the PCRA proceeding." Lambert v. Blackwell, 387 F.3d 210, 247 (3d Cir. 2004); see also Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998) ("[T]he federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation.").

---

[8] The only other issue that requires comment is the Supreme Court's recent decision in Martinez v. Ryan, __ U.S. __, 132 S.Ct. 1309 (2012). In Martinez, the United States Supreme Court held, as an equitable matter, and not, as a constitutional matter, that the ineffective assistance of post-conviction relief counsel could provide "cause" so as to excuse the procedural default of a claim of trial counsel's ineffectiveness, where the post-conviction proceedings were the first opportunity under state law to raise claims of ineffective assistance of trial counsel. Id. at 1313-21. See also id. at 1321 (Scalia, J., dissent) (noting that the majority based its decision on equitable reasons and not based upon a constitutional right to counsel in state collateral review). Hence, Martinez does not provide that claims of ineffective assistance of PCRA counsel can serve as grounds for relief from a state court conviction in federal habeas proceedings.

Therefore, any and all of Petitioner's claims, regarding errors allegedly committed during the PCRA proceedings, fail to afford a basis for relief in these federal habeas proceedings.

### 3. The Third Ground for Relief Is Procedurally Defaulted.

Petitioner's third Ground for Relief alleges that the trial court gave constitutionally invalid jury instructions when the jury requested re-instruction on all the elements of first and third degree murder and voluntary and involuntary manslaughter. ECF No. 1 at 7; ECF No. 1-3; ECF No. 32 at 7, ¶ 6 ("The 'TRIAL COURT' should have 'INSTRUCTED the JURY' on'VEHICULAR [sic] MANSLAUGHTER and INVOLUNTARY MANSLAUGHTER', but 'FAILED TO DO SO'[.]").

Respondents assert in their Answer that this claim was procedurally defaulted because it was raised in the second PCRA petition, which was dismissed by the state courts as being untimely filed. We agree.

The doctrine of procedural default provides that if a federal habeas petitioner has either failed to present a federal claim in the state courts or failed to comply with a state procedural rule and such failure to present or to comply would provide a state law basis for the state courts to decline to address the federal claim on the merits, then such federal claims may generally not be addressed by the federal habeas court. See, e.g., Wainwright v. Sykes, 433 U.S. 72 (1977) (failure to object at trial constituted waiver of issue under state law and hence, a procedural default under federal habeas law); Francis v. Henderson, 425 U.S. 536 (1976) (failure to comply with state procedure requiring challenges to composition of grand jury be made before trial constituted state waiver and, therefore, also constituted procedural default for purposes of federal

habeas). The United States Court of Appeals for the Third Circuit has explained that the "doctrine of procedural default in effect makes compliance with all relevant state-law procedural rules a precondition to federal habeas relief." Hull v. Freeman, 932 F.2d 159, 165 (3d Cir. 1991), *overruled on other grounds by* Caswell v. Ryan, 953 F.2d 853 (3d Cir. 1992).

In this case, because the second PCRA petition was found by the state courts to be untimely filed, the claims raised in the second PCRA petition, including the claim that the trial court erred in its jury instructions have been procedurally defaulted. See, e.g., Banks v. Horn, 49 F.Supp.2d 400 (M.D. Pa. 1999) (holding that the Pennsylvania Supreme Court's refusal to consider a death sentenced PCRA petitioner's claims because his PCRA petition was untimely, constituted a procedural default, barring federal habeas review and that the PCRA's statute of limitations and its application by the state Courts was independent and adequate). The state courts have consistently applied the PCRA statute of limitations, at least outside the death penalty context, so as to render it an "adequate" state law ground. Catanch v. Larkins, No. 98-85, 1999 WL 529036 (E.D. Pa. July 23, 1999) (holding certain claims which were not otherwise exhausted had been procedurally defaulted because the claims could not be brought under a second PCRA petition as that petition would be time barred and that the State courts apply the PCRA statute of limitations consistently, thus rendering it an adequate and independent state law ground); Holland v. Horn, 150 F.Supp.2d 706 (E.D. Pa. 2001).

In sum, Petitioner fails to allege, as is his burden,[9] the existence of either cause or prejudice for the procedural default, i.e., for failing to bring a timely PCRA petition. It does not appear that a miscarriage of justice would occur were this Court to rely upon Petitioner's procedural default. Accordingly, Petitioner's claim that the trial court erred in giving jury instructions or in failing to give jury instructions is procedurally defaulted and cannot be addressed on the merits. Therefore, this claim cannot serve as a basis for habeas relief.

### C. Certificate of Appealability

A certificate of appealability ("COA") should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Islands, 230 F.3d 82, 89-90 (3d Cir. 2000). In Slack v. McDaniel, the United States Supreme Court held that "when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the

---

[9] See Songer v. Wainwright, 733 F.2d 788, 792 (11th Cir. 1984)("The district court properly held that because defendant **alleged** neither cause nor prejudice, he is now barred from raising these claims.") (emphasis added), *reh'g en banc granted and opinion vacated by*, 758 F.2d 552 (11th Cir. 1985), *opinion reinstated by*, 769 F.2d 1497 (11th Cir. 1985); Elrich v. McCullion, 861 F.2d 720 (Table), 1988 WL 119461, at *1 (6th Cir. 1988)("petitioner was required to allege cause and prejudice to excuse his procedural default. *See Engle v. Isaac*, 456 U.S. 107 (1982); *Wainwright v. Sykes*, 433 U.S. 72 (1977). Because petitioner has failed to allege cause and prejudice, the district court was precluded from reviewing his claims.").

petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. at 478. Hence, the analysis as to whether a certificate of appealability should issue to review a procedural question, has "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Id. at 484-85. The test is conjunctive and both prongs must be met. See Walker v. Government of the Virgin Islands, 230 F.3d at 90.

Applying this standard to the instant case, the Court concludes that jurists of reason would not find the Report's recommended disposition debatable. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the reasons set forth herein, the instant Petition and a certificate of appealability should be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right

to appeal.  <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).   Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

              Respectfully submitted:

              s/ Maureen P. Kelly
              MAUREEN P. KELLY
              U.S. MAGISTRATE JUDGE


Date: June 27, 2014


cc: The Honorable Arthur J. Schwab
   United States District Judge

   EDWARD ALLAN BELCH
   GY-8373
   SCI-Somerset
   1600 Walters Mill Road
   Somerset, PA 15510-0001

   All Counsel of Record via CM-ECF